```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

James Hughes, et al.,           :

        Plaintiffs,     :      Case No. 2:16-cv-153

   v.                           :      JUDGE ALGENON L. MARBLEY

City of Dublin, et al.,         :      Magistrate Judge Kemp

        Defendants.     :


### ORDER

On February 18, 2016, this Court received a complaint and motion for leave to proceed *in forma pauperis* (Doc. 1). Two names appear in the caption as "petitioners" (James Hughes and James Bott), and both signed the complaint, but the *in forma pauperis* application is signed only by Mr. Hughes. For the following reasons, the Court will direct Mr. Bott also to submit an *in forma pauperis* motion if he wants to be relieved of the obligation to pay the filing fee, and it will direct Mr. Hughes to submit an amended application if he wishes the Court to act favorably upon it.

Mr. Hughes completed the form which the Court provides to non-prisoner litigants who wish to proceed *in forma pauperis*. However, he did not provide any financial information in response to any of the questions on the form - that is, he did not insert any dollar amount, including $0.00, in any of the spaces provided. Rather, he answered the questions in the following fashion.

The first question asked if Mr. Hughes was currently or had ever been employed. He answered "N/A," providing the explanation that "employed - taxpayer or agent for taxpayer. Taxpayer means business entity." In response to questions two and three, which

ask about family members, he explained that although the State of Ohio offered a marital relationship, he did not have one, and that the term dependents, as used in question three, was "undefined but seems to pertain to the control of the Congress in the District of Columbia issues, petitioners are without this." Going to the next question, he denied receiving any income in the past twelve months on grounds that he was "without these relationships" - apparently referring to the phrase "income from a business, profession or other form of self-employment, or in the form of rent payments, retirement benefits, annuity payments, interest or dividends, or any other source" which is used in question four.

Next, the form asked Mr. Hughes about cash, assets, and liabilities.  He denied having any of these, offering explanations like "No means.  Petitioner status mischaracterized cannot open access [illegible]" and "Petitioners property has been stolen, status sabotaged."  His liabilities were listed as "not available."  He also referred to a "Note to Magistrate" which is attached to his application, and which contains various explanations of legal principles, but no further information about Mr. Hughes' ability to pay a filing fee.

As an aside, the Court notes that the complaint (or petition, as it is labeled) alleges that Mr. Hughes and Mr. Bott gave notice to the Respondents, who include the City of Dublin and the Ohio Department of Public Safety, that they intended "to live privately at Ohio without resident status" (¶13) and also that they had bought a jeep and had removed it from "their venue (this state) plane allowed as nonresident or non-resident." (¶18).  Notwithstanding these notifications, the petitioners claim that the State or the City of Dublin "stole" the jeep after a traffic stop - perhaps because the vehicle was not registered - and refused to give it back.  The Court draws its conclusion about the lack of registration from portions of the prayer for relief, which ask this Court to declare that "Respondents et al

are without standing or power to compel petitioners to register their private property or licensing of their innocent conduct in this matter" and that petitioners "retain the right to non commercial travel the streets and alleys at Ohio without license or registration."  Should the case get to the point where the Court would have to examine the complaint, as required by 28 U.S.C. §1915(e)(2), to determine if it states a claim upon which relief can be granted, there may be an issue with the applicable statute of limitations, which is two years for a constitutional claim against state officials, see Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989).  The seizure of the vehicle occurred, according to Petitioners, more than two years before they submitted their *in forma pauperis* application here.  There may well be other issues with the complaint as well, but the Court cannot conduct that review until it determines whether, from a financial viewpoint, the Petitioners have the means to pay the filing fee.

    It is apparent both from the *in forma pauperis* application and from the petition that Mr. Hughes has a somewhat different view of things than the typical *in forma pauperis* applicant.  He is certainly entitled to his view, but, at the same time, this Court is entitled to receive a certain type and amount of financial information before it grants a litigant *in forma pauperis* status.  The Court may deny *in forma pauperis* status if paying the filing fee would not deprive the applicant of the necessities of life.  See Adkins v. E.I. DuPont de Nemouors & Co., 335 U.S. 331, 339 (1948).  When it cannot make that determination on the basis of the information presented, the Court has the discretion to deny the application.  See Lister v. Dept. of Treasury, 408 F.3d 1309, (10th Cir. 2005)(denial of *in forma pauperis* status was appropriate where the litigant "failed to provide this court with sufficient information from which the court can ascertain her financial status").

    In order to give both Petitioners the opportunity to seek *in*

*forma pauperis* status if, in fact, they cannot afford to pay the filing fee, the Court makes the following order. If they wish to have the Court act on the motion for leave to proceed *in forma pauperis*, Petitioners must (1) for Mr. Hughes, submit a revised application which provides dollar amounts in response to the key questions - income (that is, money) received from any source in the last twelve months, assets (including cash, in the form of United States currency, on hand), and liabilities, and (2) for Mr. Bott, submit a signed application which does the same. Each are warned that the application must be sworn to or declared under penalty of perjury, and are also advised that if any of the statements on the application turn out to be false, the Court may revoke *in forma pauperis* status and, if the fee is not then paid (or if the falsehoods in the application were intentional), may dismiss the case with prejudice. See, e.g., Ferguson-Bey v. Lever Brothers, Inc., 586 F.Supp. 1435 (D. Md. 1984); see also Thompson v. Carlson, 705 F.2d 868 (6th Cir. 1983). The Court also notes that the complaint does not contain a separate address for Mr. Bott. For that reason, this order cannot be mailed to him other than at Mr. Hughes' address, but if Mr. Bott does not respond to the order or provide the Court with an address, he will not be permitted to continue as a petitioner in this case.

### Procedure on Motion to Reconsider

If any party objects to this order, that party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge